FILED
2013 Mar-11  PM 02:44
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **GERALD JAMES WARE,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| **vs.** | ) | Civil Action Number |
| | ) | **2:13-cv-69-AKK** |
| **DEUTSCHE BANK and ANDRE** | ) | |
| **M. TOFFEL,** | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Gerald James Ware appeals from the Bankruptcy Court's order lifting an automatic stay, which allowed Defendant Deutsche Bank to eject Ware from his home, and discharging Trustee Andre Toffel. *See* doc. 1. Deutsche Bank seeks to dismiss Ware's appeal and to stay the briefing periods, doc.5, while Ware seeks to dismiss Deutsche's motion, doc.7. The motions are fully briefed and ripe for review. Docs. 5, 7, 8, 9, 11. For the reasons detailed below, Deutsche Bank's motion is **GRANTED** and Ware's motion is **DENIED**.

## I.  STANDARD OF REVIEW

The district court sits as an appellate court in reviewing bankruptcy court decisions. 28 U.S.C. § 158(a)(3), (c)(1). Accordingly, "[d]eterminations of law

made by [ ] the bankruptcy court [ ] are reviewed by this court de novo." *In re Club Assocs.*, 956 F.2d 1065, 1069 (11th Cir. 1992); Fed. R. Bankr. P. 7052 (incorporating Fed. R. Civ. P. 52); Fed. R. Bankr. P. 8013.  Additionally, the district court may not make independent factual findings and must review the bankruptcy court's factual determinations under the  "clearly erroneous standard." *In re Club Associates*, 956 F.2d at 1069.  "If the bankruptcy court's factual findings are silent or ambiguous as to an outcome determinative factual question, the district court . . . must remand the case to the bankruptcy court for the necessary factual determination."  *In re Sublett*, 895 F.2d 1381, 1283-84 (11th Cir. 1990) (*quoting Wegner v. Grunewaldt*, 821 F.2d 1317, 1320 (8th Cir. 1987)).

## II.  PROCEDURAL HISTORY AND FACTUAL BACKGROUND[1]

### A.    Mortgage Execution and Foreclosure

Ware and his wife executed a mortgage with Option One Mortgage Corporation ("Option One") on July 29, 2005. *Ware*, 75 So. 3d at 1164-65. Subsequently, the Wares defaulted on the mortgage loan and Option One instituted foreclosure proceedings.  *Id*.  The foreclosure sale advertisements stated that

---

[1] Since the court's factual review is limited to the deferential "clearly erroneous" standard, *In re Club Associates*, 956 F.2d at 1069, the facts are largely compiled from the Bankruptcy Court record.  *See* docs. 2-1 through 2-25.  Additionally, where necessary, the court references the state court opinion of *Ware v. Deutsche Bank Nat. Trust Co.*, 75 So. 3d 1163 (Ala. 2011), since the Bankruptcy Court explicitly incorporated this opinion into its factual findings. *See* doc. 2-11 at 1.

Deutsche Bank obtained the mortgage from Option One through transfer and assignment and that it would conduct the foreclosure sale on June 4, 2008. *Id.* However, Deutsche Bank purchased the mortgaged property at the foreclosure sale and the foreclosure deed executed that day stated that Option One was the foreclosing entity. *Id.* at 1265-66.

**B.     Procedural History in State Court**[2]

Following its purchase of the property at the foreclosure sale, Deutsche Bank filed an ejectment action against the Wares on August 29, 2008 in the Circuit Court of Jefferson County, Alabama. *Ware*, 75 So. 3d at 1166. A year later, the court entered a default judgment against Gerald Ware and subsequently denied Gerald Ware's motion for post-judgment relief. Doc. 2-19 at 5.

Monica Ware responded to Deutsche Bank's complaint separately from her husband, but failed to state any affirmative defenses or counterclaims. *Ware*, 75 So. 3d at 1166. Deutsche Bank then sought summary judgment by virtue of its foreclosure deed. *Id.* Notably, in response to the motion, "[Monica] Ware conceded . . . that it was undisputed that the record owner of the mortgage at the time of foreclosure was Option One." *Id.* at 1171. Accordingly, the court granted

---

[2] Although the original state court action was filed against Gerald and Monica Ware, the court differentiates between the Wares because they took differing procedural actions.

summary judgment in Deutsche Bank's favor on January 22, 2010.  *Id.* at 1167.
Thereafter, Monica Ware filed a motion to alter, amend, or vacate the judgment
and requested a hearing before the court.  *Id.*  However, the court failed to issue a
ruling and the motion was deemed denied under Alabama Rule of Civil Procedure
59.1.  *Id.*

      After the court denied her post-judgment motion, Monica Ware filed an
appeal with the Supreme Court of Alabama to "challenge[] (1) the timing and
propriety of the summary judgment, (2) the order striking her counterclaims, and
(3) the trial court's refusal to hold a hearing on her motion to alter, amend, or
vacate the judgment."  *Ware*, 75 So. 3d at 1167-68.  Specifically, Monica Ware
argued that the discrepancy between the foreclosure sale notice and the foreclosure
deed rendered summary judgment inappropriate.  *Id.* at 1170.  However, the court
found that Ware's argument was unavailing in light of her concession at the trial
court that there was no issue of fact as to the owner of the mortgage at the time of
the sale, despite the notice and deed discrepancy, and since she failed to raise the
argument before the trial court.  *Id.* at 1171.  Ultimately, on June 17, 2011, the
Supreme Court affirmed the Circuit Court's decision.  *Id.* at 1172.

      While Monica Ware's appeal was pending before the Alabama Supreme
Court, Gerald Ware filed a second motion with the Circuit Court to set aside the

default judgment.  Doc. 2-19 at 5-6.  This second post-judgment motion alleged that the court should vacate the default judgment because service was defective and the foreclosure underlying the action was improper.  *Id*.  In light of Ware's motion, the court issued a stay on execution on December 29, 2011 to prevent Deutsche Bank from ejecting the Wares prior to resolution of the motion. *Id*. at 7.  However, the court subsequently found that Gerald Ware's claim of wrongful foreclosure was precluded by the denial of his first post-judgment motion because he failed to appeal that denial or the court's final judgment.  *Id*. at 6.  The court likewise found that Gerald Ware waived his claim regarding improper service by failing to raise the argument in any of his prior responsive pleadings.  *Id*.  Accordingly, the court denied Gerald Ware's second motion for post-judgment relief and lifted its stay on May 25, 2012.  *Id*. at 7.  Once the court lifted the stay, Deutsche Bank proceeded to execute on the final judgment by filing a Writ of Execution with the Jefferson County Circuit Clerk on July 10, 2012.  Doc. 5 at 3.

## C.    **Procedural History in Bankruptcy Court**

After Deutsche Bank attempted to execute its Circuit Court judgment and eject the Wares, Gerald Ware filed for bankruptcy under Chapter 7 on July 18, 2012.  *See* doc. 2-1.  Deutsche Bank then sought relief from the bankruptcy court's automatic stay, and the court granted the motion on September 17, 2012.  Docs. 2-

9 and 2-11.  On October 2, 2012, the bankruptcy trustee filed a Report of No
Distribution stating that "there is no property available for distribution from the
estate" and "deem[ing] abandoned any and all property of the estate that was
scheduled in the petition and was unadministered as of the date of this report."
Doc. 2-21.  Thereafter, Gerald Ware filed a notice of objection to the trustee's
report and request for discharge by arguing that the automatic stay lift was
improper and reiterating arguments he and his wife advanced before the Circuit
Court and Supreme Court of Alabama.  *See* doc. 2-22.  Gerald Ware also filed
motions for an emergency temporary restraining order against Deutsche Bank and
a motion to alter or amend the order granting relief from stay to Deutsche Bank.
Doc. 2-25 at 1.  The court held a hearing on all three matters and subsequently
overruled the objections and denied the remaining motions on October 22, 2012.
*Id*.  Three days later, Deutsche Bank evicted the Wares from the property.  Doc. 5-
1 at 2.  On January 11, 2013, Gerald Ware filed a notice of appeal from the
Bankruptcy Court's decision with this court.  *See* doc. 1.

## III.  ANALYSIS

On appeal, Ware advances arguments identical to those he previously raised
before the Circuit Court of Jefferson County and the Bankruptcy Court, namely,
that Deutsche Bank lacked standing to foreclose on his property and that this

deficiency deprived the Bankruptcy Court of proper jurisdiction to lift the automatic stay.  *See* doc. 4. Deutsche Bank contends that the appeal is due to be dismissed under the mootness and *Rooker-Feldman* doctrines.  *See* doc. 5.  The court agrees.[3]

## A.    The Doctrine of Mootness

Under Article III of the Constitution, the jurisdiction of federal courts is limited to hearing "cases" and "controversies."  U.S. CONST. ART. III, § 2.  "The doctrine of mootness derives directly from the case or controversy limitation because an action that is moot cannot be characterized as an active case or controversy."  *Soliman v. U.S. ex rel. INS*, 296 F.3d 1237, 1242 (11th Cir. 2002) (internal quotation marks and citation omitted).  Accordingly, mootness is a jurisdictional question the court must resolve before proceeding with an action. *Id.*; *see also North Carolina v. Rice*, 404 U.S. 244, 246 (1971).  In order to ascertain whether a case is moot, the court must determine whether it is capable of providing meaningful relief.  *Fla. Ass'n of Rehab. Facilities, Inc. v. Fla. Dep't of Heath and Rehab. Servs.*, 225 F.3d 1208, 1216-17 (11th Cir. 2000).  "Therefore, if

---

[3] Ware also alleges that Deutsche Bank failed to properly serve its motion to dismiss and subsequent filings on Ware.  *See* doc. 11.  However, assuming this allegation is true, Ware suffered no prejudice from this defect since he timely responded to each filing.  Additionally, the bases for the motion to dismiss are jurisdictional, which the court may consider even absent a proper motion.  *Barnett v. Bailey*, 956 F.2d 1036, 1039 (11th Cir. 1992).  Accordingly, the motion is not due to be denied based on this argument.

events that occur . . . deprive the court of the ability to give the plaintiff or

appellant meaningful relief, then the case is moot and must be dismissed."

*Soliman*, 296 F.3d at 1241 (internal quotation marks and citation omitted).

With respect to bankruptcy appeals,

> [i]t is settled law in this circuit that when the debtor fails to obtain a stay
> pending appeal of the bankruptcy court's or the district court's order
> setting aside an automatic stay and allowing a creditor to foreclose on
> property, the subsequent foreclosure and sale of the property renders
> moot any appeal.  This rule of law, which is premised upon
> considerations of finality, protection of the integrity of the foreclosure
> sale process, and the court's inability to rescind the sale and grant relief
> on appeal even if the purchaser of the property is a party to the appeal,
> is fully applicable to this case.  Accordingly, the appeal must be
> dismissed as moot.

*In re Matos*, 790 F.2d 864, 865-66 (11th Cir. 1986), citing *Markstein v. Massey*

*Associates*, 763 F.2d 1325 (11th Cir .1985); *In re Sewanee Land, Coal & Cattle,*

*Inc.*, 735 F.2d 1294 (11th Cir. 1984).  However, an appeal may not be rendered

moot if the appellant also seeks some relief other than reinstatement of an

automatic stay or rescinding of a foreclosure sale or ejectment.  *See e.g.*,

*Markstein*, 763 F.2d at 1327.

The same doctrine articulated in *In re Matos* applies here where the

Bankruptcy Court's order allowed Deutsche Bank to eject Ware from the property

and Ware failed to seek a stay pending his appeal, despite the fact that the

foreclosure sale was completed prior to Ware's bankruptcy petition.  At this point, the court is powerless to rescind Deutsche's ejectment of Ware from the property.  Moreover, reversing the Bankruptcy Court's order regarding the automatic stay would fail to provide Ware with effective relief in light of the state court's findings regarding the propriety of the underlying foreclosure proceedings and ejectment action – which the court cannot disturb.  *See* section B, *infra*.  In other words, reversing the Bankruptcy Court would still leave a final judgment from the state court finding that Deutsche Bank had the right to foreclose and eject Ware from the premises.  Accordingly, the court finds that Ware's appeal is **MOOT**.

**B.     The *Rooker-Feldman* Doctrine**

Alternatively, the *Rooker-Feldman* doctrine, which strictly limits federal district courts' authority to review state court judgments and related claims, bars the recovery Ware seeks.  *See generally Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280 (2005); *Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fid. Trust Co.*, 263 U.S. 413 (1923).  Just as with the mootness doctrine, the *Rooker-Feldman* doctrine raises a jurisdictional question and prevents this court from considering the merits of the case.  *See Powell v. Powell*, 80 F.3d 464, 466-67 (11th Cir. 1996); *Garry v. Geils*, 82 F.3d 1362, 1365 (7th Cir. 1996).

"The *Rooker-Feldman* doctrine generally recognizes that federal district courts do not have jurisdiction to act as appellate courts and precludes them from reviewing final state court decisions."  *Ware v. Polk Cnty. Bd. of Cnty. Comm'rs*, 2010 WL 3329959, at *1 (11th Cir. Aug. 25, 2010) (citation omitted).  The Supreme Court has held that the *Rooker-Feldman* doctrine is confined to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments."  *Nicholson v. Shafe*, 558 F.3d 1266, 1274 (11th Cir. 2009) (*quoting Exxon Mobil*, 544 U.S. at 284).  "The doctrine applies to both federal claims raised in the state court and to those 'inextricably intertwined' with the state court's judgment."  *Casale v. Tillman*, 558 F.3d 1258, 1260 (11th Cir. 2009).  "A claim is inextricably intertwined if it would effectively nullify the state court judgment, or it succeeds only to the extent that the state court wrongly decided the issues."  *Id.* (internal quotation marks and citation omitted).

Based on the record before the court, this doctrine is directly applicable to Ware's appeal because his claim before this court "succeeds only to the extent that the state court wrongly decided the issues."  *Id*.  In other words, Ware's argument is premised on the Circuit Court of Jefferson County having erroneously found

that Deutsche Bank had standing to foreclose on Ware's property and to eject Ware from the property.  *See* doc. 4 at 7-8 (arguing that Deutsche Bank lacked standing to foreclose because they did not own the mortgage).  Despite Ware's assertions to the contrary, his allegations regarding Deutsche Bank's purported fraud and lack of standing to foreclose do not preclude the state court's judgment from being considered  "final" under the *Rooker-Feldman* doctrine.  Even if Ware is correct and the Circuit Court's decision is wrong, "that did not make the judgment void, but merely left it open to reversal or modification in an appropriate and timely appellate proceeding." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (*quoting Rooker*, 263 U.S. at 415).  Ware failed to appeal the Circuit Court's decision and instead filed two motions for post-judgment relief – which the court denied – and this court lacks appellate jurisdiction over the state court's prior decision.  *Exxon Mobil Corp.*, 544 U.S. at 284-85; *Rooker*, 263 U.S. at 415-16.  Accordingly, the court also lacks jurisdiction to hear Ware's appeal under the *Rooker-Feldman* doctrine and Deutsche Bank's motion to dismiss is **GRANTED**.

## IV.  CONCLUSION

Based on the foregoing, Deutsche Bank's motion is **GRANTED**. Accordingly, Ware's motion is **DENIED** and his appeal is **MOOT** and

**DISMISSED with prejudice**.

      **DONE** this 11th day of March, 2013.


                                            _____
                                            **ABDUL K. KALLON**
                                    UNITED STATES DISTRICT JUDGE